Case 2:09-cv-08974-JVS-MAN   Document 3   Filed 12/09/09   Page 1 of 6   Page ID #:14

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEEVEN ROBINSON,<br><br>           Petitioner,<br><br>  v.<br><br>LOS ANGELES COUNTY SUPERIOR COURT,<br><br>           Respondent. | NO. CV 09-8974-JVS (MAN)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

    Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on December 7, 2009 ("Petition"). Petitioner is detained in a Los Angeles County jail awaiting trial and, as discussed below, has not yet sustained a state court conviction.

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, summary dismissal of the Petition is required in this case.

Petitioner alleges that he has been charged with armed robbery, attempted robbery, and assault with a deadly weapon in Los Angeles Superior Court Case No. NA080633, and he presently is awaiting trial.[1] (Petition at 2.) The Petition alleges three claims. As Ground One, Petitioner alleges that he is innocent and the victim of mistaken identity and evidence tampering (*i.e.,* changing an equivocal witness identification to a positive identification), and has been falsely arrested, imprisoned, and prosecuted as a result. (Petition at 3.) As Ground Two, Petitioner alleges that the trial court has denied him exculpatory evidence, namely, video surveillance footage from the locations at which he was present when the charged crimes took place. (Petition at 4.) As Ground Three, Petitioner alleges that the prosecutor has denied him exculpatory evidence, namely, the victims' wallets. (*Id.*) In a letter appended to the Petition, Petitioner states that in addition to habeas relief, he seeks $5 million in damages for illegal arrest, prosecution, and incarceration, defamation, racial discrimination, and physical and emotional distress.

Petitioner alleges that he has not appealed or sought habeas relief in the state courts. (Petition at 5-6.) Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed and taken judicial notice of the electronically available dockets for the California Court of Appeal and the California Supreme Court. Those dockets reveal that Petitioner has not brought any proceeding in either the California Court

---

[1] Based on a letter appended to the Petition, it appears that Petitioner: earlier was tried based on six charged robberies; was found not guilty as to four of the charged robberies; and is awaiting retrial on the two remaining charged robberies, on which the jury hung.

of Appeal or the California Supreme Court.[2] Thus, Petitioner has not yet sustained a state court conviction, and for the four reasons discussed below, the Petition is not cognizable in this Court.

First, Petitioner's attempt to challenge the validity of the victim identifications of him, the adequacy of the criminal discovery provided to date, and other pretrial matters, through a request for federal habeas relief under Section 2254, is clearly premature. *See* 28 U.S.C. § 2254(a) (limiting the availability of Section 2254 federal habeas relief to persons in custody pursuant to "the judgment of a State court"). Petitioner's present claims are not yet ripe for federal habeas review, because his state criminal case is still pending and he has not suffered any conviction. Accordingly, the Petition must be dismissed on the ground of prematurity. *See* Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); Sherwood v. Tompkins, 716 F.2d 632, 634 (9th Cir. 1983).

Second, even if Petitioner's claims were ripe, dismissal nonetheless would be required, because the claims are unexhausted. Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts. . . ." O'Sullivan v. Boeckerl, 526

---

[2] *See* http://appellatecases.courtinfo.ca.gov.

U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). Based on the Petition's allegations as well as the matters of which this Court has taken judicial notice, Petitioner has not presented any of his present claims to the California Supreme Court. Accordingly, the instant Petition must be dismissed without prejudice for failure to exhaust.

Third, Petitioner's request for relief implicates the Younger abstention doctrine.[3] Petitioner apparently wishes to have this Court find that the witnesses who identified him were mistaken, and thus, he should not be prosecuted. (*See* Petition at 3-4 and appended letters.) Petitioner also apparently wishes to have this Court order the trial court and/or the prosecutor to provide Petitioner with the victims' wallets (and related DNA testing) and video surveillance footage from the locations at which Petitioner claimed he was present. (*Id.*) Petitioner, thus, asks this Court to interfere in a pending state criminal proceeding by "directing the future course of the state litigation"; such relief is prohibited under Younger. H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

Younger and its progeny reflect a longstanding public policy against federal court interference with pending state court proceedings. *See* Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001)(*en banc*); Koppel, 203 F.3d at 613. Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. Younger, 401 U.S. at 43-45, 91 S. Ct. at

---

[3] *See* Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), and its progeny.

4

1  750-51. Younger abstention applies to both attempts to preclude and/or
2  stay criminal prosecution *in toto* and attempts to obtain more limited or
3  piecemeal intervention in state criminal actions. *See, e.g.,* Kugler v.
4  Helfant, 421 U.S. 117, 130, 95 S. Ct. 1524, 1533 (1975)(federal courts
5  should not "intervene piecemeal to try collateral issues" in state
6  criminal prosecutions, such as a request to enjoin the admission of
7  evidence); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223
8  (9th Cir. 1994)(a request to enjoin enforcement of a criminal discovery
9  statute and to suppress evidence obtained under that statute could not
10 be entertained).

12      The concerns that motivate the Younger doctrine preclude this Court
13 from granting the relief Petitioner seeks and require dismissal of this
14 action.  Petitioner's criminal prosecution is ongoing; indeed, he wants
15 this Court to issue orders that will affect its further course.  The
16 State of California's interest in prosecuting those who are charged with
17 having violated its criminal laws is indisputable.  Petitioner may
18 appeal his conviction in the state courts, and thus, he has an
19 opportunity to raise his constitutional claims. *See* Dubinka, 23 F.3d at
20 224 (the existence of an opportunity to raise federal claims in state
21 proceedings requires abstention). Petitioner's allegations do not merit
22 federal intervention, and comity dictates that this Court not interfere
23 in these ongoing state criminal proceedings.

25      Fourth and finally, Petitioner's demand for damages is not
26 cognizable in a Section 2254 proceeding. Relief such as damages is not
27 available through a habeas action and, instead, must be sought through
28 a complaint brought under 42 U.S.C. § 1983.

5

1    In sum, Petitioner's claims are not ripe and are unexhausted, and he seeks relief not available under Section 2254.  Moreover, allowing this action to proceed during the pendency of Petitioner's state criminal proceedings would violate the well-established principles of comity and federalism underlying the Younger abstention doctrine.  If Petitioner ultimately fails in any state appeal or post-conviction proceedings he may bring, and if he exhausts his claims through such state proceedings, he may then return to this Court and seek federal habeas relief.  Until such time, his claims cannot be considered by this Court, and the instant Petition must be dismissed without prejudice.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 9, 2009.

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

6